## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 25-CR-291 (LLA)** |
| **JOSHUA ROSSER,** | |
| **Defendant.** | |

## <u>GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING</u>

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. The Defendant, Joshua Rosser, is before this Court after pleading guilty to: (1) Count 1 – Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(l); and (2) Count 2 – Felony Fleeing from Law Enforcement, in violation of 50 D.C.C. § 2201.05(b)(2), after he dangerously and recklessly led law enforcement officers on a high-speed chase for 10 minutes around public streets, hoping to evade arrest.

For the reasons that follow, the United States respectfully requests that the Court sentence the Defendant to a term of imprisonment of 18 months. Specifically, the Government respectfully asks that the Court impose upon the Defendant: (1) a concurrent sentence of 12 months on Count 1, and 18 months on Count 2; (2) a concurrent supervised release term of 12 months on Count 1 and 36 months on Count 2; (3) restitution in the amount of $4,528.92 to be paid to the U.S. Marshals Service; and (4) special assessments of $25 as to Count 1 and $100 as to Count 2, in accordance with 18 U.S.C. §3013 and 4 D.C.C. § 515 for the damage the Defendant caused to the agency's vehicle.

## I.     FACTUAL BACKGROUND

The factual proffer to which the Defendant agreed as part of his October 7, 2025 guilty plea establishes the following uncontested facts:

On September 2, 2025, members of the Executive Order 14252 Task Force who were working the evening tour within the District of Columbia were wearing plainclothes and external vests that stated "POLICE," "FBI," or "U.S. MARSHAL," with law enforcement identifiers prominently displayed. Members were operating unmarked police cruisers equipped with emergency lights and sirens.

At approximately 2:08 p.m., officers saw the Defendant, Joshua Rosser, driving a heavily tinted Infiniti SUV with a counterfeit Texas Buyer's Tag. After officers confirmed that the tag was counterfeit, they attempted to pull the Defendant over and conduct a traffic stop. An unmarked U.S. Marshals Service (USMS) vehicle occupied by four Deputy U.S. Marshals (DUSMs) pulled in front of the Defendant with emergency equipment activated, making it readily identifiable as a police vehicle. Simultaneously, an unmarked U.S. Park Police (USPP) vehicle occupied by two USPP officers located behind the Defendant's car activated its emergency equipment. USPP Officer Brennan then began to exit the cruiser. After Officer Brennan got out of his vehicle, the Defendant voluntarily, on purpose, and not by mistake or accident rapidly accelerated forward, colliding the rear of the USMS vehicle that was occupied by the four DUSMs. After colliding with and causing damage to the USMS vehicle, the Defendant drove away in his SUV.

Officers chased the Defendant in their vehicle with both their lights and sirens on. During the pursuit, the Defendant drove recklessly by crossing the double yellow center divide, reaching speeds in excess of 80 miles per hour, and driving the wrong way up one-way streets.

During the chase, the Defendant's car collided with and caused damage to the front bumper

of a second USMS vehicle occupied by three DUSMs, who were also trying to conduct a traffic stop of the Defendant. When the Defendant collided with the second DUSM vehicle, the force of the car crash caused DUSM Rote's head to hit his head rest, resulting in a minor injury to his head. After colliding with and causing damage to the DUSM vehicle, the Defendant pulled away and continued to flee.

After approximately 10 minutes of fleeing from law enforcement who were chasing him with their lights and sirens on, the Defendant's SUV came to a stop and he was arrested.

## II.    <u>PROCEDURAL HISTORY</u>

On September 3, 2025, the United States Attorney's Office for the District of Columbia filed a one-count Complaint, charging the Defendant with Assaulting a Federal Officer with a Deadly Weapon, in violation of 18 U.S.C. 111 (a)(1) and (2) after he struck the front of a government vehicle with his vehicle while he tried to flee from law enforcement officers. That same day, the Defendant was arrested and had his initial appearance before United States Magistrate Judge Matthew J. Sharbaugh. At that hearing, the Government made an oral motion, asking that the Defendant be held pending trial. Judge Sharbaugh held the Defendant and set a detention hearing for September 5, 2025. On September 5, 2025, after hearing arguments from both parties, United States Magistrate Judge Moxila A. Upadhyaya ordered the Defendant held pending trial.

On September 18, 2025, the United States Attorney's Office for the District of Columbia filed a two-count Information, charging the Defendant with: (1) Count 1 – Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(l); and (2) Count 2 – Felony Fleeing from Law Enforcement, in violation of 50 D.C.C. § 2201.05(b)(2). On October 7, 2025, the Defendant pled guilty to both counts of the Information and agreed to pay $4,528.92 in

restitution to the U.S. Marshals Service. As part of the plea agreement, the Government agreed to ask for a sentence within the estimated guidelines range of 0 months to 36 months' incarceration. On October 8, 2025, U.S. District Court Judge Loren L. AliKhan ordered the Defendant released from jail after the Defendant filed a written motion, asking for release. The Defendant was held for a total of 36 days: from September 3 to October 8, 2025.

### III.   **LEGAL STANDARD**

Under the plea agreement, the Defendant agreed that the sentence in this case would be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> (i) issued by the Sentencing Commission ...; and
> (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
> (A) issued by the Sentencing Commission ... and

(B) that, . . . is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## IV.     ANALYSIS OF SENTENCING GUIDELINES

The Government agrees with Probation's assessment that the Defendant has a criminal history category of I under the U.S. Sentencing Guidelines, and a Criminal History Score of A under the D.C. Sentencing Guidelines. The Government also agrees that the maximum term of imprisonment for misdemeanor Assaulting a Federal Officer is one year imprisonment and that the guidelines range sentence for Felony Fleeing is 6 months to 24 months' imprisonment.

## V.     THE GOVERNMENT'S SENTENCING RECOMMENDATION

The crimes at issue here merit an 18-month sentence. In this case, sentencing is guided by 18 U.S.C. § 3553(a). Some of the factors this Court must consider include: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, *id.*; and the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law, § 3553(a)(2)(A).

### A.  Nature and Circumstances of the Offense

A sentence of 18 months is warranted given the Defendant's actions. First, the Defendant was charged with assaulting a federal officer with a deadly weapon and pled guilty to misdemeanor assault, after he recklessly led officers on a high-speed chase through public streets in the middle of the afternoon. The Defendant hit vehicles containing federal officers, not once but twice. Specifically, Officer Brennan was chasing the Defendant and saw him intentionally strike the U.S. Marshals vehicle that contained four DUSMs. *See* Gov't Ex. 1 – Ofc. Brennan's BWC at

14:12:39. Each time the Defendant hit the vehicles, he endangered the DUSMs' safety.

Moreover, as recounted in the Statement of Offense, the Defendant tried to evade law enforcement officers in his vehicle after they tried to conduct a traffic stop because he had counterfeit tags. Instead of pulling over and allowing law enforcement officers to speak with him, he led officers on a dangerous high-speed pursuit, where his vehicle crossed the double yellow center divide; reached speeds nearing 80 miles per hour; and drove the wrong way up one-way roads. According to BWC, the chase occurred over 10 harrowing minutes – from approximately 2:07 pm to 2:17 pm.

The Defendant's actions are particularly egregious and exceedingly dangerous because he was driving so recklessly through at least one school zone, where the posted speed limit was 15 mph, at a time of day when children would be released from school. *See* Figures 1 and 2, below.



**Figure 1: Photo from Ofc. Callahan's BWC During Police Chase.**



**Figure 2: Generic D.C. Speed Limit Sign.**

While it is difficult to tell on Officer Callahan's BWC where the Defendant was when he was speeding through a school zone during the school day, Google Maps shows that there are approximately four schools within .5 miles from where the Defendant first led police on a high-speed chase.



**Figure 3: Four Schools within .5 Miles of Location of High-Speed Chase.**

After the Defendant was *Mirandized*, he claimed that he did not know police were chasing him or that the cars that he rammed into were police vehicles. However, the facts of the case undermine his argument. First, *four law enforcement vehicles* turned on their emergency equipment before trying to conduct a traffic stop of the Defendant's vehicle. *See* Gov't Ex. 2 – Pole Camera at 2:36. Four vehicles turning on their emergency equipment – flashing red and blue lights – nearly simultaneously made it readily apparent that they were law enforcement, as opposed to civilians. Second, after the Defendant struck the first DUSM vehicle, *eight different law enforcement vehicles* pursued the Defendant – all with their lights on – trying to get the Defendant

to stop. Gov't Ex. 2 at 2:42-2:59. Third, during the entire 10 minutes officers were chasing him, police sirens are audible in the background of the BWC video. Specifically, one can hear the police sirens blaring when the Defendant struck the Marshals' vehicle on Ayers Street. Gov't Ex. 3 – Ofc. Callahan's BWC at 14:12:39. Given the common experience of hearing sirens, it is reasonable for the Court to conclude that the Defendant could hear sirens as law enforcement chased him. Instead of pulling over, the Defendant continued to recklessly drive down D.C. streets, endangering the public.

Furthermore, although law enforcement's vehicles were unmarked, flashing lights indicated that they were not civilian vehicles.

 

**Figure 4: View of First Vehicle Defendant Rammed Into.**

The flashing lights, as shown in Figure 4 above, are clearly visible and would have been visible to the Defendant moments before he directly hit that first vehicle. The same holds true for the second vehicle the Defendant rammed into. *See* Figure 5, below.



**Figure 5: View of Second Vehicle Defendant Rammed Into.**

While the Defendant's crimes did not result in the infliction of a serious physical injury upon another, these facts – recklessly leading law enforcement through city streets and dangerously ramming into law enforcement in order to flee – justifies an 18-month term of incarceration.

**B.  The Defendant's History and Characteristics**

The Defendant's criminal history also weighs in favor of an 18-month term of incarceration as he is someone who is dangerous to the community.

    1.  *The Defendant's Past Dangerous Conduct.*

        *a.  Defendant Pled Guilty to Simple Assault in a Domestic Violence Case.*

For the purposes of sentencing, the Defendant has one conviction that he received in D.C. Superior Court case number 2019 DVM 000089. *See* PSR at 7, ¶ 34. However, he was allowed to withdraw his guilty plea after entering into a Deferred Sentencing Agreement (DSA). According to the Arrest Warrant filed in that case, the Defendant got into an argument with the mother of his

child over childcare, and punched her in her face, knocking out three of her teeth and causing a fourth tooth to loosen. The Defendant struck the victim a second time, and that blow was so hard that the victim fell to the floor and hit her head. Instead of staying at the scene and making sure the victim was not seriously injured, the Defendant fled before police arrived. The victim required medical attention because she was bleeding profusely after losing numerous teeth. *See* Gov't Ex. 4 – Arrest Warrant. On February 15, 2019, the Defendant pled guilty to Simple Assault, pursuant to a DSA, which allowed the Defendant to withdraw his guilty plea and have the case be dismissed after nine months if he abided by a number of conditions. *See* Gov't Ex. 5 – Deferred Sentencing Agreement at ¶ 1. On November 4, 2019, the Defendant was permitted to withdraw his guilty plea, pursuant to his DSA, and the case was dismissed.

> b. *Numerous Temporary Protective Orders (TPOs) Have Been Filed Against the Defendant.*

In addition to the assaultive conduct the Defendant pled guilty to in 2019 DVM 000089, Petitions for Civil Protection Orders (CPO) have been filed with the D.C. Superior Court *five times* since 2018 and the Court has granted three different Petitioners a TPO in three of those cases: 2021 CPO 003230, 2023 CPO 002071, and 2025 CPO 002996. *See* Gov't Ex. 6 – TPO Orders. Three of those cases were dismissed without prejudice, while two – 2023 CPO 002071 and 2025 CPO 002996 – remain open. PSR at 11 ¶ 49, 12 ¶ 51. It should be noted that the TPO in 2025 CPO 002996 was issued on September 2, 2025 – *just two days before the Defendant led law enforcement on a high-speed chase*.[1] On November 5, 2025, the Court granted the CPO to the Petitioner against the Defendant.[2]

In each of the cases where the Court granted a TPO, the Petitioner alleged – under the

---

[1] That TPO against the Defendant was extended on September 17, 2025.

[2] The CPO was granted without the Defendant admitting to allegations in the petition.

penalty of perjury – the Defendant engaged in assaultive behavior. In 2021 CPO 003230, O.T. alleged that she had "a history of domestic violence" with the Defendant, that she feared for her life, and that the Defendant assaulted her. *See* Gov't Ex. 7 – CPO Petitions at 5. In 2023 CPO 002071, R.R. alleged that on June 5, 2023, the Defendant dragged her out of her bed by her hair, repeatedly slapped and punched her, and kicked her in her stomach, *knowing that she was pregnant*. *Id*. at 6. In 2025 CPO 002996, J.C. alleged that she feared for her life and the lives of her children after a domestic violence incident that occurred on August 22, 2025. The petitioner alleged that the Defendant struck a minor child in an abusive matter, that he sent death threats to the petitioner and her child, and that she was so scared of the Defendant that she had a protective order against the Defendant in Maryland as well. *Id.* at 15.

> c. *Numerous Police Reports Have Been Filed Against the Defendant for Threatening and Assaultive Conduct.*

In addition to the disturbing allegations of domestic violence alleged in the CPO affidavits, the Defendant has been investigated by the police for threatening to kill people and committing serious assaults against women. On May 28, 2023, the Defendant allegedly physically assaulted his then-girlfriend, R.R.[3] According to police reports, while driving with the Defendant, R.R. questioned the Defendant about an incident regarding her friend. The Defendant got mad and punched R.R. in her face with a closed fist, causing her to bleed. R.R. tried to escape from the Defendant and get out of the car. In the process, R.R. claimed the Defendant slammed her ring finger in the door. Gov't Ex. 8 – CCN 23084307. R.R. was transported to the hospital so that she could be treated for a bloody lip and an injury to her ring finger.

On June 27, 2023, the Defendant, who was 26 years old at the time, went to the home of

---

[3] R.R. is the same woman who asked the Court for a TPO in 2023 CPO 002071, alleging that the Defendant physically assaulted her even though he knew that she was pregnant.

I.C. and her minor child A.D. and started an argument with them about the Defendant's then-girlfriend. The Defendant allegedly said to both, "I'll kill y'all. I'll beat y'all ass. I'm bring my draco." Gov't Ex. 9 – CCN 23103632. He then allegedly spit on both of them and fled the scene. The Defendant was not prosecuted because the victims refused to cooperate with police.

On March 28, 2025, the Defendant got into a verbal argument with R.D. after he (the Defendant) allegedly fathered a child with another woman while he was living with R.D. The Defendant became very angry with R.D., punched her in the face, and choked her until she was "lightheaded and almost passed out." Gov't Ex. 10 – CCN 25044699. He then fled the scene without checking on her well-being to see if he seriously hurt her. The victim suffered a minor injury to her neck.

In summary, in addition to pleading guilty to assaulting one romantic partner, the Defendant is accused by numerous romantic partners of assaulting them, including assaulting a pregnant woman *that he knew to be pregnant*, spitting on and assaulting minor children, and sending death threats to numerous people. While these police reports and CPO petitions simply contain allegations of assaultive behavior, the allegations are very serious, and the Court should take them seriously in its determination as to whether the Defendant is dangerous. In their totality, the allegations are evidence that the Defendant is seriously violent, has escalated in his violence, and his reckless behavior in this case is only one incident in a long line of troubling incidents.

### C. The Need for the Sentenced Imposed to Reflect the Seriousness of the Offense and Promote Respect for the Law

As is evident from the BWC and surveillance video in this case, the Defendant knew that police officers were trying to stop him and just did not care. While thankfully no civilians were injured in the instant case, recklessly driving through the city, leading police on a high-speed chase in broad daylight presents a danger to the community that warrants incarceration. The Defendant's

behavior shows that he does not care about complying with the law and will not do so here even if the Court strongly encourages him to do so. As such, an 18-month term sufficiently reflects the seriousness of the offense.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully asks that the Court impose upon the Defendant: (1) a concurrent sentence of 12 months on Count l, and 18 months on Count 2; (2) a concurrent supervised release term of 12 months on Count 1 and 36 months on Count 2; (3) restitution in the amount of $4,528.92 to be paid to the U.S. Marshals Service; and (4) special assessments of $25 as to Count 1 and $100 as to Count 2, in accordance with 18 U.S.C. §3013 and 4 D.C.C. § 515 for the damage the Defendant caused to the agency's vehicle.

<div style="margin-left:40%">

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:      /s/ *Jared English*
          JARED ENGLISH
          D.C. Bar No. 1023926
          Assistant United States Attorney
          United States Attorney's Office
          601 D Street, N.W.
          Washington, D.C. 20530
          Telephone: 202-465-0089
          Email: Jared.English@usdoj.gov

</div>

# Government Exhibit 1
## (Video Provided Separately)

# Government Exhibit 2
## (Video Provided Separately)

# Government Exhibit 3
## (Video Provided Separately)

# Government Exhibit 4

## Superior Court of the District of Columbia
### CRIMINAL DIVISION

| AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT | | | | | | USW NO.: ~~26/8 CMW 6982~~ | |
|---|---|---|---|---|---|---|---|

| DEFENDANT'S NAME: | | NICKNAME: | | ALIASES: | | CCN: 18-213-657 | PDID: 713-549 |
|---|---|---|---|---|---|---|---|
| **Rosser, Joshua Davon** | | | | | | | |

| SEX: | RACE: | DOB: | HGT: | WGT: | EYES: | HAIR: | COMPL: | SCARS, MARKS TATTOOS: |
|---|---|---|---|---|---|---|---|---|
| Male | Black | | 5' 9" | 160 | Brown | Black | Dark | Unknown |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| | |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| Unknown | Unknown |

| COMPLAINANT'S NAME | TELEPHONE NUMBER: |
|---|---|
| | Home |

| LOCATION OF OFFENSE: | DATE OF OFFENSE: 12/17/2018 | TIME OF OFFENSE: 09:22 Hours |
|---|---|---|

**CAUTION AND MEDICAL CONDITIONS (CMC)** Select a valid CMC code below for wanted person when using the caution indicator.

| | | |
|---|---|---|
| 00 = Armed and Dangerous | 25 = Escape Risk | 65 = Epilepsy | 01 = Other (Explain) |
| 05 = Violent Tendencies | 30 = Sexually Violent Predator | 70 = Suicidal | 20 = Known to abuse drugs |
| 10 = Martial Arts Expert | 50 = Heart Condition | 80 = Medication Required | 60 = Allergies |
| 15 = Explosive Expertise | 55 = Alcoholic | 85 = Hemophiliac | 90 = Diabetic |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**

**POLICE REPORT:** On Monday, December 17, 2018 at approximately 09:30 hours the Complainants reported to the Metropolitan Police Department, that the Defendant, who the Complainant's current boyfriend and father of their child, had assaulted her requiring medical attention.

**INVESTIGATION:** The investigation revealed that On Monday, December 17, 2018 at approximately 09:22 hours the police were called to the rental office for ▮▮▮▮▮ for an Simple Assault Domestic Violence report. When police arrived at the scene they located the Complainants inside the rental office. The Complainant was bleeding profusely form her mouth, the Complainant was shaken up. The Complainant reports that while inside her apartment, the Complainant and the Defendant were involved in a verbal argument with the Defendant over childcare for the day. The Defendant became irate and struck the Complainant once in the face with a closed fist. The Complainant struck the Defendant back in self-defense back by punching him.  Then Defendant struck the Complainant a second time to the face, the Defendant struck the Complainant so hard that the Complainant fell to the ground and struck her head against the floor. Three of Complainant's teeth fell out of her mouth and one additional tooth was loose. The Defendant saw the Complainant bleeding profusely and then he fled the scene prior to police arrival. Engine 33 responded to the scene, the Complainant was transported to GW hospital, for medical attention. Pictures were taken with Axon Camera of the crime scene and the Complainant's injuries. At the scene the Complainant identified the defendant as: Rosser, Joshua Black/Female, with DOB: ▮▮▮▮▮.  After further investigation Detective Campos was able to verify the Defendant's true name in a MPD database as: Rosser, Joshua Black/Female, with DOB: ▮▮▮▮▮ and DC PDID #: 713-549.

On Monday, December 17, 2018 at approximately 12:38 hours Detective Campos was able to interview the Complainant in person in reference to the aforementioned offense. The Complainant confirmed the event reported to be an accurate story. Detective Campos prepared a confirmation photo generated from an MPD Database of the Defendant and presented it to the Complainant. The Complainant positively identified the Defendant as the person who assaulted and threated her.

**RECOMMENDATION:** Based on the aforementioned facts your affiant respectfully requests that an arrest warrant be issued for the Defendant.

| | AFFIANT'S SIGNATURE: |
|---|---|
| **PLEASE ISSUE A WARRANT FOR:** | X _____ 02 - 1668 <br> Jose N Nieves-Campos, MPD, CID, (7D), Badge # D2-1668 |
| **Joshua D. Rosser** | **SUBSCRIBED AND SWORN TO BEFORE ME THIS** |
| **CHARGED WITH:** Simple Assault (DV) | 27 DAY OF Dec 2018 |
| _____ 12/21/18 | _____ |
| **ASSISTANT UNITED STATES ATTORNEY** | **(JUDGE) (DEPUTY CLERK) SUPERIOR COURT OF THE DISTRICT OF COLUMBIA** |

# Government Exhibit 5

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## DOMESTIC VIOLENCE DIVISION

UNITED STATES OF AMERICA

Criminal No: 2019    DVM    89

v.

Joshua Rosser

### DEFERRED SENTENCING AGREEMENT

The United States of America, by its attorney, the United States Attorney for the District of Columbia (hereafter referred to as the "United States" or the "government") and Joshua Rosser (hereafter referred to as the "defendant") agree to a disposition of this matter in accordance with the following terms and conditions:

1. The defendant agrees to enter a guilty plea to the following counts: **simple assault** The government agrees to dismiss all of the additional and greater charges at the time of sentencing.

2. The government will not seek to have the defendant detained pending sentencing. The government reserves the right to allocute at the defendant's sentencing.

3. The government waives its right to file any enhancement papers that might apply.

4. The government and the defendant agree to continue sentencing for **9 months**

5. The defendant agrees to abide by the following conditions while waiting to be sentenced:

   a. The defendant must not violate any law. The defendant must not be rearrested on probable cause.

   b. The defendant must not violate any Court Order, including any Civil Protection Order.

   c. If the defendant is arrested, the defendant must report that fact to the Court.

   d. The defendant must not engage in any assaultive, threatening, harassing, or stalking behavior against ▮▮▮▮▮▮▮▮▮▮

   e. The defendant shall abide by all conditions imposed by the Court Services and

1

Offender Supervision Agency (hereafter "CSOSA" or "probation").

f.  In addition, the defendant must abide by the special conditions set forth below:

_____  Stay Away / No Contact

The defendant must stay away from and have no contact with the following person(s): _____.  The defendant must remain at least 100 yards away from the above person(s), their home, their children, their family members, place of employment, place of worship, and any other place frequented by them.  The defendant may not communicate or attempt to communicate with any of the above-named person(s) either directly or through a third person, by telephone, written message, electronic message, pager, or otherwise.

_____  Restitution

The defendant agrees to pay restitution to _____ in the amount of $ _____.  The defendant agrees to provide proof of payments on the scheduled review date(s).  The defendant agrees to provide proof of complete restitution on the scheduled sentencing date.

✓  Counseling Programs

The defendant agrees to enroll in and successfully complete the following counseling program(s):

✓  Domestic Violence Intervention Program
_____  Family Violence Intervention Program
_____  Anger Management
_____  Parenting Classes
✓  Alcohol / Drug Testing & Treatment (as indicated by CSOSA)
✓  Mental Health Assessment and Treatment (as indicated by CSOSA)

The defendant agrees to provide written proof of attendance on the scheduled review date(s).  The defendant agrees to provide written proof of completion of the indicated programs on the scheduled sentencing date.  It is the responsibility of the defendant to obtain written proof of attendance from CSOSA (probation) and/or the counseling program.

_____  Employment / School

The defendant shall maintain employment and/or maintain enrollment in school while awaiting sentencing.  The defendant shall provide proof of continued employment or enrollment on the scheduled review date(s) and on the scheduled sentencing date.

_____    Community Service

The defendant shall complete _____ hours of community service.    The defendant must provide written proof of community service on the scheduled review date(s).    The defendant must provide written proof of completion of community service on the scheduled sentencing date.

_____    Child Support

The defendant shall make child support payments to _____ in the amount of $ _____ per week/two weeks/month (circle one).

_____    Other Conditions:

_____

If the defendant abides by the conditions set forth in this agreement, the United States will not oppose defendant's motion to withdraw the plea and will enter a *nolle prosequi* in the above-captioned case at the time of sentencing.

## TERMINATION OF AGREEMENT TO NOLLE PROSEQUI THE CASE FOR VIOLATIONS OF CONDITIONS

If the United States determines that the defendant has violated any condition of this agreement, the government will:

- oppose the defendant's withdrawal of the guilty plea;

- not enter a nolle prosequi in this case; and

- move the Court to proceed to sentencing immediately.

The determination of whether the defendant has violated any of the above conditions rests exclusively with the United States.

3

### *LIMITED CONFIDENTIALITY*

Neither this agreement nor the defendant's statements relating to this agreement will be used against the defendant by the United States in the above-captioned case, except for impeachment purposes.

I have read this agreement or have had it read to me. I understand this agreement and will abide by its conditions.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ASSISTANT UNITED STATES ATTORNEY

_____
DATE

2/15/19
DATE

2/15/19
DATE

4

# Government Exhibit 6



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
DOMESTIC VIOLENCE DIVISION
500 INDIANA AVENUE, NW, WASHINGTON, D.C. 20001, (202) 879-0157

| O.T. | Petitioner | ☐ Minor | Case No: | 2021 CPO 003230 |

VS.

**JOSHUA ROSSER**          Respondent   ☐ Minor

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

☒ Respondent shall not commit or threaten to commit crimes against Petitioner, their child(ren), or their animal(s).

☒ Respondent shall stay at least 100 yards away from Petitioner's   ☒ person   ☒ home   ☒ workplace   ☒ vehicle
   ☒ children's school/day care   ☐ animal _____ ☐ other _____
☒ Respondent shall not contact Petitioner in any manner, including but not limited to:   ☒ by telephone
   ☒ in writing   ☒ electronic or social media         ☒ any other manner, either directly or through a third party,
☐ Temporary custody of the following minor children is awarded to:         ☒ Petitioner      ☐ Respondent
   until further order of this Court or the expiration of this order

_____

*(Names and Dates of Birth)*

☐ Respondent shall vacate the residence at: _____
   on or before _____ *(date)* and turn over all keys to the residence to Petitioner.
☒ The Police Authorities shall stand by to:   ☐ prevent violence while the Respondent / Petitioner vacates the residence;
   ☐ retrieve Petitioner's keys from Respondent;   ☒ assist with service of process upon the Respondent and complete
                                    the Return of Service forms.
☐ Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of Petitioner's animal.
☐ Other: _____

**Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling of, purchasing or receiving any firearm or ammunition while this order is in effect.**

FAILURE TO COMPLY WITH THIS ORDER IS A CRIMINAL OFFENSE AND, FOR ADULTS, CARRIES A PENALTY OF UP TO 180 DAYS IN JAIL AND/OR A FINE OF $1,000.00, AND FOR MINORS, CARRIES A PENALTY OF COMMITMENT TO THE DEPARTMENT OF YOUTH REHABILITATION SERVICES UP TO TWENTY-ONE YEARS OF AGE. IF A RESPONDENT SERVED WITH THIS ORDER FAILS TO APPEAR AT THE HEARING ON THE CIVIL PROTECTION ORDER AND A DEFAULT CIVIL PROTECTION ORDER IS ENTERED, THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE CIVIL PROTECTION ORDER IS SERVED. IF THE COURT IS CLOSED ON THE DAY THAT THIS ORDER IS TO EXPIRE, THIS ORDER SHALL CONTINUE IN EFFECT UNTIL THE NEXT REGULAR COURT BUSINESS DAY. THIS ORDER EXPIRES ON:

| 10/28/21 | | 10/14/21 |
| **EXPIRATION DATE** | Magistrate Judge | Date |

THIS ORDER HAS BEEN **EXTENDED** UNTIL:

_____          _____          _____
**EXPIRATION DATE**          Judge/Magistrate Judge          Date

DVTPO.doc

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**DOMESTIC VIOLENCE DIVISION**
500 INDIANA AVENUE, NW, WASHINGTON, D.C. 20001, (202) 879-0157

R.R.     Petitioner   ☐Minor     Case No: **2023 CPO 2071**

vs.

**JOSHUA ROSSER**    Respondent   ☐Minor

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

☒ Respondent shall not commit or threaten to commit crimes against Petitioner, their child(ren), or their animal(s).

☒ Respondent shall stay at least 100 yards away from Petitioner's ☒ person ☒ home ☒ workplace ☐ vehicle
    ☐ children's school/day care ☐ animal     ☐ other _____

☒ Respondent shall not contact Petitioner in any manner, including but not limited to: ☒ by telephone
    ☒ in writing ☒ electronic or ☒ any other manner, either directly or through a third party,
    social media

☐ Temporary custody of the following minor children is awarded to: ☐ Petitioner ☐ Respondent
    until further order of this Court or the expiration of this order

_____
*(Names and Dates of Birth)*

☐ Respondent shall vacate the residence at: _____
    on or before _____ *(date)* and turn over all keys to the residence to Petitioner.

☒ The Police Authorities shall stand by to: ☐ prevent violence while the Respondent / Petitioner vacates the residence;
    ☐ retrieve Petitioner's keys from ☒ assist with service of process upon the Respondent and complete the Return of
    Respondent;    Service forms.

☐ Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of
    Petitioner's animal.

☐ Other: _____

**Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling of, purchasing or receiving any firearm or ammunition while this order is in effect.**

FAILURE TO COMPLY WITH THIS ORDER IS A CRIMINAL OFFENSE AND, FOR ADULTS, CARRIES A PENALTY OF UP TO 180 DAYS IN JAIL AND/OR A FINE OF $1,000.00, AND FOR MINORS, CARRIES A PENALTY OF COMMITMENT TO THE DEPARTMENT OF YOUTH REHABILITATION SERVICES UP TO TWENTY-ONE YEARS OF AGE. IF A RESPONDENT SERVED WITH THIS ORDER FAILS TO APPEAR AT THE HEARING ON THE CIVIL PROTECTION ORDER AND A DEFAULT CIVIL PROTECTION ORDER IS ENTERED, THIS ORDER SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE CIVIL PROTECTION ORDER IS SERVED. IF THE COURT IS CLOSED ON THE DAY THAT THIS ORDER IS TO EXPIRE, THIS ORDER SHALL CONTINUE IN EFFECT UNTIL THE NEXT REGULAR COURT BUSINESS DAY. THIS ORDER EXPIRES ON:

| June 16, 2023 | | June 5, 2023 |
|---|---|---|
| **EXPIRATION DATE** | Magistrate Judge | **Date** |

THIS ORDER HAS BEEN **EXTENDED** UNTIL:

| 07/14/2023 | | 06/16/2023 |
|---|---|---|
| **EXPIRATION DATE** | Judge/Magistrate Judge | **Date** |

This TPO expires on the date listed above unless your court hearing is continued due to the public health emergency. If your hearing is continued, the TPO will be extended to the next court date listed on the Court's most recent Operating Order, available on the D.C. Superior Court website:
https://www.dccourts.gov/sites/default/files/DVD-Scheduling-Order_%20Calendars.PDF

DVTPO.dot

Rev. April 26, 2021



**Superior Court of the District of Columbia**
**Domestic Violence Division**
500 Indiana Avenue NW, Room 4510, Washington, DC 20001
202-879-0157 | www.dccourts.gov

| J.C. | Petitioner | ☐ Minor | Case No: | **2025 CPO 002996** |

vs.

**JOSHUA ROSSER**    Respondent    ☐ Minor

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

X  Respondent shall not commit or threaten to commit crimes against Petitioner AND PETITIONER'S CHILDREN.

X  Respondent shall stay at least 100 yards away from Petitioner's X  person    X   home  X  workplace   X   vehicle
  X  children's school/day care    ☐ animal _____  X other _____

X  Respondent shall not contact Petitioner in any manner, including but not limited to:    X   by telephone
  X  in writing    X  electronic or social media    X  any other manner, either directly or through a third party,

☐  Temporary custody of the following minor children is awarded to:    ☐ Petitioner    ☐ Respondent
  until further order of this Court or the expiration of this order

*(Names and Dates of Birth)*

☐  Respondent shall vacate the residence at: _____

  on or before _____ *(date)* and turn over all keys to the residence to Petitioner.

X  The Police Authorities shall stand by to: ☐  prevent violence while the Respondent / Petitioner vacates the residence;
  ☐ retrieve Petitioner's keys from Respondent;  X Assist with service of process upon the Respondent and complete the Return of Service forms.

☐  Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of Petitioner's animal.

X  Other:    RESPONDENT SHALL STAY AWAY FROM _____

Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling, purchasing, or receiving any firearm or ammunition while this order is in effect.

## IT SHALL NOT BE CONSIDERED A VIOLATION OF THIS COURT ORDER FOR THE PARTIES TO PARTICIPATE IN MEDIATION OR ATTEND COURT PROCEEDINGS.

Failure to comply with this order is a criminal offense and, for adults, carries a penalty of up to 180 days in jail and/or a fine of $1,000.00. For minors, it carries a penalty of commitment to the Department of Youth Rehabilitation Services up to twenty-one years of age.

If a respondent served with this order fails to appear at the hearing on the Civil Protection Order and a default Civil Protection Order is entered, this order shall remain in full force and effect until the Civil Protection Order is served. If the Court is closed on the day that this order is to expire, this order shall continue in effect until the next regular Court business day.

*Robt J. Hilton*

| SEPT 16, 2025 | | SEPT 2, 2025 |
| **EXPIRATION DATE** | Judge/Magistrate Judge | Date |

THIS ORDER HAS BEEN EXTENDED UNTIL:

| **EXPIRATION DATE** | Judge/Magistrate Judge | Date |

DVTPO.doc                    1                    Rev June 9, 2025

# Government Exhibit 7

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC VIOLENCE DIVISION (202) 879-0157

O.T. _____ , Petitioner

Your Name (If on behalf of minor child, write "[Your Name] OBO [Child's Name]")
CONFIDENTIAL
Your Address (If confidential, request a Confidential Address
Form)

☐ Substitute
Address

Superior Court of the
District of Columbia
Domestic Violence Division
Filed 10/13/21 1:12 PM

CPO No: 2021CPO3230

vs.

Joshua Rosser _____ , Respondent
Name of Individual Against Whom You Are Filing
unknown

Individual's Address
UNKNOWN

## PETITION AND AFFIDAVIT FOR CIVIL PROTECTION ORDER

Pursuant to D.C. Code Section 16-1001 et seq.; Petitioner respectfully requests that the court issue a Civil Protection Order against Respondent. In support of this request, Petitioner states:

1. Petitioner is related to Respondent by:
   ☐ Blood; ☐ Adoption; ☐ Legal Custody; ☐ Marriage; ☒ Having a Child in Common; ☐ Being the Child of an Intimate Partner ☐ Domestic Partnership; ☐ Sharing residence within this past year and maintaining close relationship; ☐ Sex trafficking of children; ☐ Sexual Assault; ☐ Trafficking in labor or commercial sex acts; ☐ Is, was, or is seeking to be in a Romantic/Dating/Sexual Relationship; ☐ Other (explain) _____

2. Do you reside, live, work or attend school in the District of Columbia? ☒ Yes  ☐ No

3. Did any incident described below occur in the District of Columbia? ☒ Yes  ☐ No

4. Respondent committed or threatened to commit an act punishable as a criminal offense against Petitioner within the meaning of D.C. Code Section 16-1001 et seq., by: *(Please describe any such acts, including physical assaults like hitting, punching, shoving or kicking; threats to do harm, or destruction of property).*

A. On or about  October 12th  20 21  at approximately  9:50  a.m./ⓧ.ⓜ.,
   At (location): ▮▮▮▮▮▮▮
   Respondent  See Incident A in Addendum
   _____
   _____

B. On or about  _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent  _____
   _____
   _____

C. On or about  _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent  _____
   _____
   _____

D. On or about  _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent  _____
   _____

ON THE BASIS OF THESE ALLEGATIONS, PETITIONER REQUESTS AN ORDER INCLUDING THE
FOLLOWING RELIEF: (Check each form of relief you wish to be awarded by the court)

1. [X] Ordering Respondent not to commit or threaten to commit any crimes against me, my children, my
animal(s), and _____

2. [X] Ordering Respondent to stay away from: [X] my person; ☐ my work; [X] my home; ☐ my vehicle
☐ my children's           ☐ my animal(s);           ☐ other places I
school/daycare;           _____ frequent (*describe*): _____

   ☐ other persons (names) _____

3. ☐ Ordering Respondent not to contact me: ☐ by telephone; ☐ in writing; ☐ electronic or social media;
☐ in any other manner directly or indirectly through a third party.

4. [X] Awarding me temporary custody of the minor child(ren), named below.
(*state name and date of birth of each child AND bring birth certificates to court hearing*)
   ▆▆▆▆▆▆▆▆

**IF YOU ARE SEEKING CUSTODY, PLEASE COMPLETE QUESTIONS 4a – 4e:**

4a. The children's current address is (*You do not have to reveal this information if doing so will put you in danger*):
_____
_____

4b. Over the past five years the children have lived at the following other addresses (if any):
   ▆▆▆▆▆▆▆▆▆▆ _____

4c. Names and addresses of the people the children have lived with during the past five years:
_____

4d. Have you participated in or do you know of any *other court cases concerning custody* of these children?
☐ yes   [X] no      If your answer is "yes" please indicate where the case(s) was/were filed:
_____

4e. Do you know of any other person other than yourself and Respondent who claims to have custody of the
children?
☐ yes   [X] no      If "yes", who? _____

5. ☐ Awarding Respondent visitation with the child(ren) if Respondent shows that the child(ren) and I can be
adequately protected from harm by the Respondent.

6. ☐ Ordering Respondent to pay child support for the above minor children, in an amount in accordance with
the D.C. Child Support Guideline, through the Court Registry.

   To the best of my knowledge, Respondent's annual gross income equals or exceeds $ _____ .
   (*Bring any proof of your own AND respondent's income to the court hearing, including 2 recent pay
   stubs, tax returns for the past two years or a completed financial statement. Also, bring proof of any
   other child support orders that affect you or the Respondent*).

**IF YOU ARE SEEKING CHILD SUPPORT, PLEASE COMPLETE QUESTIONS 6a – 6d:**

6a.  Has a paternity and /or child support case already been filed regarding any of the above-listed children? ☐ yes ☐ no  If "yes", please indicate where the case was filed, the case number, and the outcome,      if any: _____

6b.  Are you or your children currently receiving public assistance? ☐ yes ☐ no

6c.  Is Respondent currently employed? ☐ yes ☐ no ☐ Don't Know

6d  Do any of the children have special costs? (*e.g., tuition, daycare, medical insurance, medical costs; please specify*) _____

7.  ☐  Ordering Respondent to vacate my home, which:
☐ I rent/own by myself; ☐ we rent/own together; ☐ I rent/own with someone other than Respondent (*Bring lease/deed to court hearing*)

8.  ☐  Ordering Respondent to provide me with financial assistance and/or spousal support to pay my rent/mortgage/bills or other expenses.

9.  ☐  Awarding possession and use of the following jointly owned property to Petitioner:
_____
_____

10.  ☐  Awarding ownership, possession, or control of the following animal(s):
_____

11.  ☐  Ordering Respondent to refrain from possessing, controlling, harming or threatening to harm, or otherwise disposing of my animal(s).

12.  ☐  Ordering Respondent not to remove me and/or my children from their health insurance policy.

13.  ☐  Ordering Respondent to reimburse me for medical costs, property damage, or other expenses I have incurred due to Respondent's actions (*Bring medical bills, receipts, invoices, or estimates to hearing*). Damaged property includes (*describe*): _____

14.  ☒  Ordering Respondent to enroll in and complete an appropriate counseling program for:
☐ alcohol abuse; ☐ drug abuse; ☐ domestic violence; ☒ parenting; ☐ family violence ☐ other (*describe*): _____

15.  ☐  Ordering the police to: ☐ stand by while Respondent vacates my home; ☐ make sure Respondent turns over my keys; ☐ accompany me and stand by while I recover my belongings from Respondent; ☐ assist me with service of process upon the Respondent.

16.  ☐  Ordering Respondent to reimburse me for my attorney's fees and costs.

17.  ☐  Other (*describe*): _____

18.  ☐  Respondent's actions place the safety or welfare of myself, and/or animal(s) I own, possess, or control, in immediate danger and I request that the court grant me an emergency Temporary Protection Order today.

Generated online using forms provided by the DC Courts in conjunction with probono.net

Petitioner further requests any other relief that is appropriate to the effective resolution of this matter, pursuant to D.C. Code §16-1005(c)(11). Petitioner requests that a hearing be set on this matter and that a Notice of Hearing and Order to Appear be issued to Respondent.

Respondent's address:  ☒ Residence   ☐ Business   _____

DISTRICT OF COLUMBIA, I, O.T. _____ , swear under the penalty of perjury, that I am the Petitioner, or a person authorized to file on behalf of the Petitioner, named in this case; I have read and understand the Petition and Affidavit; and that the facts stated are true to the best of my knowledge.

Date: October 14, 2021 _____      O.T. _____
                                       Petitioner

☐ I am filing on behalf of a minor and am related to them by: blood, adoption, legal custody, marriage, or domestic partnership.

_____
Person authorized to file on behalf of Petitioner

_____
Filer's relationship to Petitioner

Created April 28, 2021

## Addendum

Incident A

I have history of domestic violence with Joshua. I fear for my life when it comes to being around him. I' m not sure how he got his information but I walked my children to school, and when I came back I was cleaning up. took the trash out and walked to the store. I ranned into joshua . he got out his car and grab my arm and asked me where is our daughter. I told him she was in school. and he pushed me he told me to stop playin with him. so I kept tryna walk off to alleviate everything.i asked him to stop and I was walking away and he told me he was gonna keep coming back and he goin catch me again. I tried to distance myself from him for my own sake. I just would love to have this done. I' m tired of going through this.

| R.R. | |
| --- | --- |
| Your Name (If on behalf of minor child, write "[Your Name] OBO [Child's Name]")<br>CONFIDENTIAL<br>Your Address (If confidential, request a Confidential Address Form) | , **Petitioner**<br>☐ Substitute Address |

Superior Court of the
District of Columbia
Domestic Violence Division
Filed 06/05/2023 2:46PM

**CPO No:** 2023 CPO 2071

**vs.**

Joshua Rosser , **Respondent**
Name of Individual Against Whom You Are Filing
UNKNOWN

Individual's Address
UNKNOWN

## PETITION AND AFFIDAVIT FOR CIVIL PROTECTION ORDER

Pursuant to D.C. Code Section 16-1001 et seq.; Petitioner respectfully requests that the court issue a Civil Protection Order against Respondent. In support of this request, Petitioner states:

1. Petitioner is related to Respondent by:
   ☐ Blood; ☐ Adoption; ☐ Legal Custody; ☐ Marriage; ☒ Having a Child in Common; ☐ Being the Child of an Intimate Partner ☐ Domestic Partnership; ☐ Sharing residence within this past year and maintaining close relationship; ☐ Sex trafficking of children; ☐ Sexual Assault; ☐ Trafficking in labor or commercial sex acts; ☒ Is, was, or is seeking to be in a Romantic/Dating/Sexual Relationship; ☐ Other (explain) _____

2. Do you reside, live, work or attend school in the District of Columbia? ☒ Yes ☐ No

3. Did any incident described below occur in the District of Columbia? ☒ Yes ☐ No

4. Respondent committed or threatened to commit an act punishable as a criminal offense against Petitioner within the meaning of D.C. Code Section 16-1001 et seq., by: *(Please describe any such acts, including physical assaults like hitting, punching, shoving or kicking; threats to do harm, or destruction of property).*

A. On or about June 5 20 23 at approximately 4:30 a.m./p̶m̶.,
   At (location): _____
   Respondent Joshua dragged me out the bed by my hair, repeatedly slapped nd punched me nd kicked me in my stomach knowing I' m pregnant

B. On or about _____ 20 ___ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent _____

C. On or about _____ 20 ___ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent _____

D. On or about _____ 20 ___ at approximately _____ a.m./p.m.,
   At (location): _____
   Respondent _____

ON THE BASIS OF THESE ALLEGATIONS, PETITIONER REQUESTS AN ORDER INCLUDING THE FOLLOWING RELIEF: (Check each form of relief you wish to be awarded by the court)

1.  [X]  Ordering Respondent not to commit or threaten to commit any crimes against me, my children, my animal(s), and ___my family_____

2.  [X]  Ordering Respondent to stay away from: ☐ my person; [X] my work; ☐ my home; ☐ my vehicle ☐ my children's ☐ my animal(s); ☐ other places I school/daycare; _____ frequent (*describe*): _____

    ☐ other persons (names) _____

3.  [X]  Ordering Respondent not to contact me: [X] by telephone; [X] in writing; [X] electronic or social media; [X] in any other manner directly or indirectly through a third party.

4.  ☐  Awarding me temporary custody of the minor child(ren), named below.
    (*state name and date of birth of each child AND bring birth certificates to court hearing*)

    _____

    **IF YOU ARE SEEKING CUSTODY, PLEASE COMPLETE QUESTIONS 4a – 4e:**

4a. The children's current address is (*You do not have to reveal this information if doing so will put you in danger*):

    _____
    _____

4b. Over the past five years the children have lived at the following other addresses (if any):

    _____

4c. Names and addresses of the people the children have lived with during the past five years:

    _____

4d. Have you participated in or do you know of any *other court cases concerning custody* of these children?
    ☐ yes      ☐ no       If your answer is "yes" please indicate where the case(s) was/were filed:

    _____

4e. Do you know of any other person other than yourself and Respondent who claims to have custody of the children?
    ☐ yes   ☐ no       If "yes", who? _____

5.  ☐  Awarding Respondent visitation with the child(ren) if Respondent shows that the child(ren) and I can be adequately protected from harm by the Respondent.

6.  [X]  Ordering Respondent to pay child support for the above minor children, in an amount in accordance with the D.C. Child Support Guideline, through the Court Registry.

    To the best of my knowledge, Respondent's annual gross income equals or exceeds $_____.
    (*Bring any proof of your own AND respondent's income to the court hearing, including 2 recent pay stubs, tax returns for the past two years or a completed financial statement. Also, bring proof of any other child support orders that affect you or the Respondent*).

**IF YOU ARE SEEKING CHILD SUPPORT, PLEASE COMPLETE QUESTIONS 6a – 6d:**

6a. Has a paternity and /or child support case already been filed regarding any of the above-listed children? ☐ yes ☒ no If "yes", please indicate where the case was filed, the case number, and the outcome,       if any: _____

6b. Are you or your children currently receiving public assistance? ☐ yes ☒ no

6c. Is Respondent currently employed? ☒ yes ☐ no ☐ Don't Know

6d Do any of the children have special costs? (*e.g., tuition, daycare, medical insurance, medical costs; please specify*) _____

7. ☐ Ordering Respondent to vacate my home, which:
☐ I rent/own by myself; ☐ we rent/own together; ☐ I rent/own with someone other than Respondent (*Bring lease/deed to court hearing*)

8. ☒ Ordering Respondent to provide me with financial assistance and/or spousal support to pay my rent/mortgage/bills or other expenses.

9. ☐ Awarding possession and use of the following jointly owned property to Petitioner:
_____
_____

10. ☐ Awarding ownership, possession, or control of the following animal(s):
_____

11. ☐ Ordering Respondent to refrain from possessing, controlling, harming or threatening to harm, or otherwise disposing of my animal(s).

12. ☐ Ordering Respondent not to remove me and/or my children from their health insurance policy.

13. ☐ Ordering Respondent to reimburse me for medical costs, property damage, or other expenses I have incurred due to Respondent's actions (*Bring medical bills, receipts, invoices, or estimates to hearing*). Damaged property includes (*describe*): _____

14. ☒ Ordering Respondent to enroll in and complete an appropriate counseling program for:
☐ alcohol abuse; ☒ drug abuse; ☒ domestic violence; ☒ parenting; ☒ family violence
☐ other (*describe*): _____

15. ☒ Ordering the police to: ☐ stand by while Respondent vacates my home: ☐ make sure Respondent turns over my keys; ☐ accompany me and stand by while I recover my belongings from Respondent; ☒ assist me with service of process upon the Respondent.

16. ☒ Ordering Respondent to reimburse me for my attorney's fees and costs.

17. ☐ Other (*describe*): _____

18. ☒ Respondent's actions place the safety or welfare of myself, and/or animal(s) I own, possess, or control, in immediate danger and I request that the court grant me an emergency Temporary Protection Order today.

3

Created April 28, 2021

Petitioner further requests any other relief that is appropriate to the effective resolution of this matter, pursuant to D.C. Code §16-1005(c)(11). Petitioner requests that a hearing be set on this matter and that a Notice of Hearing and Order to Appear be issued to Respondent.

Respondent's address:  [X] Residence  [X] Business

DISTRICT OF COLUMBIA, I, R.R. _____ , swear under the penalty of perjury, that I am the Petitioner, or a person authorized to file on behalf of the Petitioner, named in this case; I have read and understand the Petition and Affidavit; and that the facts stated are true to the best of my knowledge.

Date: June 5, 2023 _____

/s/ R.R. _____
Petitioner

[ ] I am filing on behalf of a minor and am related to them by: blood, adoption, legal custody, marriage, or domestic partnership.

_____
Person authorized to file on behalf of Petitioner

_____
Filer's relationship to Petitioner

Generated online using forms provided by the DC Courts in conjunction with probono.net

Created April 28, 2021



Superior Court of the District of Columbia
**Domestic Violence Division**
500 Indiana Avenue NW, Room 4510, Washington, DC 20001
202-879-0157 | www.dccourts.gov

| | | | | |
|---|---|---|---|---|
| **J.C.** | Petitioner | ☐ Minor | Case No: | **2025 CPO 002996** |

vs.

| | | |
|---|---|---|
| **JOSHUA ROSSER** | Respondent | ☐ Minor |

## TEMPORARY PROTECTION ORDER

Upon consideration of the petition filed in this case, the Court finds that the safety or welfare of Petitioner and/or an animal the Petitioner owns, possesses, or controls is endangered by Respondent within the meaning of D.C. Code §16-1004(d) (2021). Therefore, **IT IS HEREBY ORDERED** that Respondent shall observe the following conditions:

X  Respondent shall not commit or threaten to commit crimes against Petitioner AND PETITIONER'S CHILDREN.

X  Respondent shall stay at least 100 yards away from Petitioner's X  person     X  home  X  workplace  X  vehicle
    X  children's school/day care     ☐ animal _____ X other ▮▮▮▮▮▮▮▮▮▮▮

X  Respondent shall not contact Petitioner in any manner, including but not limited to:     X  by telephone
    X  in writing     X  electronic or social media     X  any other manner, either directly or through a third party,

☐  Temporary custody of the following minor children is awarded to:     ☐ Petitioner     ☐ Respondent
    until further order of this Court or the expiration of this order

_____
*(Names and Dates of Birth)*

☐  Respondent shall vacate the residence at: _____

    on or before _____ *(date)* and turn over all keys to the residence to Petitioner.

X  The Police Authorities shall stand by to: ☐ prevent violence while the Respondent / Petitioner vacates the residence;
    ☐ retrieve Petitioner's keys from Respondent;  X Assist with service of process upon the Respondent and complete the
    Return of Service forms.

☐  Respondent shall refrain from possessing, controlling, harming, threatening to harm, or otherwise dispose of Petitioner's animal.

X  Other:  RESPONDENT SHALL STAY AWAY FROM RANDEL RECREATION CENTER

Respondent shall relinquish possession of any firearms or ammunition and is prohibited from possessing or controlling, purchasing, or receiving any firearm or ammunition while this order is in effect.

#### IT SHALL NOT BE CONSIDERED A VIOLATION OF THIS COURT ORDER FOR THE PARTIES TO PARTICIPATE IN MEDIATION OR ATTEND COURT PROCEEDINGS.

Failure to comply with this order is a criminal offense and, for adults, carries a penalty of up to 180 days in jail and/or a fine of $1,000.00. For minors, it carries a penalty of commitment to the Department of Youth Rehabilitation Services up to twenty-one years of age.

If a respondent served with this order fails to appear at the hearing on the Civil Protection Order and a default Civil Protection Order is entered, this order shall remain in full force and effect until the Civil Protection Order is served. If the Court is closed on the day that this order is to expire, this order shall continue in effect until the next regular Court business day.

*Robt J. Hilten*

| | | |
|---|---|---|
| SEPT 16, 2025 | | SEPT 2, 2025 |
| **EXPIRATION DATE** | Judge/Magistrate Judge | Date |

THIS ORDER HAS BEEN EXTENDED UNTIL:

| | | |
|---|---|---|
| | | |
| **EXPIRATION DATE** | Judge/Magistrate Judge | Date |

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
DOMESTIC VIOLENCE DIVISION (202) 879-0157

J.C.
, Petitioner

Your Name (If on behalf of minor child, write "[Your Name] OBO [Child's Name]")

☐ Substitute Address

Your Address (If confidential, request a Confidential Address Form)

Washington DC ,

**CPO No:** 2025 CPO 002996

vs.

Joshua Rosser
, Respondent

Name of Individual Against Whom You Are Filing

Individual's Address

Washington Dc,

Superior Court of the
District of Columbia
Domestic Violence Division
Filed: 09/01/2025 3:22 PM

## PETITION AND AFFIDAVIT FOR CIVIL PROTECTION ORDER

Pursuant to D.C. Code Section 16-1001 et seq.; Petitioner respectfully requests that the court issue a Civil Protection Order against Respondent. In support of this request, Petitioner states:

1. Petitioner is related to Respondent by:
   ☐ Blood; ☐ Adoption; ☐ Legal Custody; ☐ Marriage; ☐ Having a Child in Common; ☐ Being the Child of an Intimate Partner ☐ Domestic Partnership; ☐ Sharing residence within this past year and maintaining close relationship; ☐ Sex trafficking of children; ☐ Sexual Assault; ☐ Trafficking in labor or commercial sex acts; ☒ Is, was, or is seeking to be in a Romantic/Dating/Sexual Relationship; ☐ Other (explain) _____

2. Do you reside, live, work or attend school in the District of Columbia? ☒ Yes ☐ No

3. Did any incident described below occur in the District of Columbia? ☒ Yes ☐ No

4. Respondent committed or threatened to commit an act punishable as a criminal offense against Petitioner within the meaning of D.C. Code Section 16-1001 et seq., by: *(Please describe any such acts, including physical assaults like hitting, punching, shoving or kicking; threats to do harm, or destruction of property).*

A. On or about    August 22 _____ 20 25 at approximately all day _____ a.m./p.m.,
   At (location):
   Respondent    See Incident A in Addendum _____

B. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location):
   Respondent _____

C. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location):
   Respondent _____

D. On or about _____ 20 ____ at approximately _____ a.m./p.m.,
   At (location):
   Respondent _____

ON THE BASIS OF THESE ALLEGATIONS, PETITIONER REQUESTS AN ORDER INCLUDING THE
FOLLOWING RELIEF: (Check each form of relief you wish to be awarded by the court)

1.  [X]  Ordering Respondent not to commit or threaten to commit any crimes against me, my children, my
    animal(s), and ___my family_____

2.  [X]  Ordering Respondent to stay away from: [X] my person;  [X] my work;  [X] my home;  [x] my vehicle
    [X] my children's        [ ] my animal(s);       [x] other places I
    school/daycare;          _____        frequent (*describe*): See Prohibited Places in Addendum

    [X] other persons (names) MY ENTIRE FAMILY_____

3.  [X]  Ordering Respondent not to contact me: [x] by telephone; [x] in writing; [x] electronic or social media;
    [X] in any other manner directly or indirectly through a third party.

4.  [ ]  Awarding me temporary custody of the minor child(ren), named below.
    (*state name and date of birth of each child AND bring birth certificates to court hearing*)

    _____

    **IF YOU ARE SEEKING CUSTODY, PLEASE COMPLETE QUESTIONS 4a – 4e:**

    4a.  The children's current address is (*You do not have to reveal this information if doing so will put you in danger*):

    _____
    _____

    4b.  Over the past five years the children have lived at the following other addresses (if any):

    _____

    4c.  Names and addresses of the people the children have lived with during the past five years:

    _____

    4d.  Have you participated in or do you know of any *other court cases concerning custody* of these children?
    [ ] yes    [ ] no    If your answer is "yes" please indicate where the case(s) was/were filed:

    _____

    4e.  Do you know of any other person other than yourself and Respondent who claims to have custody of the
    children?
    [ ] yes   [ ] no    If "yes", who?    _____

5.  [ ]  Awarding Respondent visitation with the child(ren) if Respondent shows that the child(ren) and I can be
    adequately protected from harm by the Respondent.

6.  [ ]  Ordering Respondent to pay child support for the above minor children, in an amount in accordance with
    the D.C. Child Support Guideline, through the Court Registry.

    To the best of my knowledge, Respondent's annual gross income equals or exceeds $_____.
    (*Bring any proof of your own AND respondent's income to the court hearing, including 2 recent pay
    stubs, tax returns for the past two years or a completed financial statement. Also, bring proof of any
    other child support orders that affect you or the Respondent*).

**IF YOU ARE SEEKING CHILD SUPPORT, PLEASE COMPLETE QUESTIONS 6a – 6d:**

6a. Has a paternity and /or child support case already been filed regarding any of the above-listed children? ☐ yes ☐ no If "yes", please indicate where the case was filed, the case number, and the outcome, if any: _____

6b. Are you or your children currently receiving public assistance? ☐ yes ☐ no

6c. Is Respondent currently employed? ☐ yes ☐ no ☐ Don't Know

6d. Do any of the children have special costs? (*e.g., tuition, daycare, medical insurance, medical costs; please specify*) _____

7. ☐ Ordering Respondent to vacate my home, which:
☐ I rent/own by myself; ☐ we rent/own together; ☐ I rent/own with someone other than Respondent (*Bring lease/deed to court hearing*)

8. ☐ Ordering Respondent to provide me with financial assistance and/or spousal support to pay my rent/mortgage/bills or other expenses.

9. ☐ Awarding possession and use of the following jointly owned property to Petitioner:
_____
_____

10. ☐ Awarding ownership, possession, or control of the following animal(s):
_____

11. ☐ Ordering Respondent to refrain from possessing, controlling, harming or threatening to harm, or otherwise disposing of my animal(s).

12. ☐ Ordering Respondent not to remove me and/or my children from their health insurance policy.

13. ☐ Ordering Respondent to reimburse me for medical costs, property damage, or other expenses I have incurred due to Respondent's actions (*Bring medical bills, receipts, invoices, or estimates to hearing*). Damaged property includes (*describe*): _____

14. ☐ Ordering Respondent to enroll in and complete an appropriate counseling program for:
☐ alcohol abuse; ☐ drug abuse; ☐ domestic violence; ☐ parenting; ☐ family violence
☐ other (*describe*): _____

15. ☒ Ordering the police to: ☐ stand by while Respondent vacates my home: ☐ make sure Respondent turns over my keys; ☐ accompany me and stand by while I recover my belongings from Respondent; ☒ assist me with service of process upon the Respondent.

16. ☐ Ordering Respondent to reimburse me for my attorney's fees and costs.

17. ☐ Other (*describe*): _____

18. ☒ Respondent's actions place the safety or welfare of myself, and/or animal(s) I own, possess, or control, in immediate danger and I request that the court grant me an emergency Temporary Protection Order today.

3

Petitioner further requests any other relief that is appropriate to the effective resolution of this matter, pursuant to D.C. Code §16-1005(c)(11). Petitioner requests that a hearing be set on this matter and that a Notice of Hearing and Order to Appear be issued to Respondent.

Respondent's address: [X] Residence  [ ] Business  _____

DISTRICT OF COLUMBIA, I, J.C. _____, swear under the penalty of perjury, that I am the Petitioner, or a person authorized to file on behalf of the Petitioner, named in this case; I have read and understand the Petition and Affidavit; and that the facts stated are true to the best of my knowledge.

Date: September 2, 2025            /s/ J.C. _____
                                              Petitioner

[ ] I am filing on behalf of a minor and am related to them by: blood, adoption, legal custody, marriage, or domestic partnership.

_____
Person authorized to file on behalf of Petitioner

_____
Filer's relationship to Petitioner

Generated online using forms provided by the DC Courts in conjunction with probono.net
Created April 28, 2021

## Addendum 1/2

Incident A

I fear for my life and my children' s lives . Joshua is very abusive he will hit you for over talking he takes my kids things and tell them how " broke there mother is " Joshua shattered my balcony window by through a lit candle at me . he Hit a 17 year old girl because he thought she took his lighter . Joshua has little respect for women . he send death threats to my phone to me and my child . I' m scared to walk them to school or even go to work. I' ve been thrown to the ground hair pulled . I' m not safe in my own home at any moment he will harm me or my children. he stills my things in anger . breaks my property it' s not safe at all . I have an protection order in Maryland as well I do not feel safe my life is in danger

Addendum 2/2

Prohibited Places

# Government Exhibit 8

MPD

## CCN # 23084307 - Offense/Incident Report Cover Sheet

| REPORT DATE / TIME | DISTRICT / PSA / SUBDIVISION 4 / SUBDIVISION 5 | EVENT START DATE / TIME - EVENT END DATE / TIME |
|---|---|---|
| May 28, 2023 11:42 | | May 28, 2023 09:32 - 10:17 |

### OFFENSE-1

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| Simple Assault | | Personal Weapons (Hands / Feet) |

| OFFENSE LOCATION | OFFENSE START DATE | OFFENSE END DATE |
|---|---|---|
| 330 INDEPENDENCE AVENUE SW, WASHINGTON, DC 20237 | May 28, 2023 09:30 | May 28, 2023 10:17 |

### INVOLVED PERSONS

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| V-1, R-1 | R.R. ██████ | A.D. ████████ | A.D. ███████ | Black | Female |

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| S-1 | JOSHUA ROSSER | ████████████ | ████████ | BLACK | Male |

### PUBLIC NARRATIVE

V-1 reports while drive in a vehicle with S-1, she began to question him about and incident involving her friend. S-1 became made and punched her in the face with a closed fist causing it to bleed. V-1 attempted tp exit the vehicle once the reached the intersection of 4th and Independence Ave Sw. S-1 then slammed V-1 left ring finger in the door. Ambulance 13 responded to the scene and AMR 213 transported V-1 to the hospital for her injuries.

### INTERNAL NARRATIVE

V-1 was transported to G.W Hospital

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| TIFFANY GREEN 9437 #9437    May 28, 2023 12:09 (e-signature) | JUSTIN TRUBY 5971 #S0448    May 28, 2023 18:29 (e-signature) |
| PRINT NAME | PRINT NAME |
| TIFFANY GREEN 9437 #9437 | JUSTIN TRUBY 5971 #S0448 |

**MPD**                                                                                                                                                          Pg 1 of 1
*NOTE: Summarized report. More data regarding this report may exist in the RMS.*
*Mark43 RMS Form v2.0 generated by J. English on Oct 3, 2025 12:15.*

# Government Exhibit 9

**MPD**

## CCN # 23103632 - Offense/Incident Report Cover Sheet

| REPORT DATE / TIME | DISTRICT / PSA / SUBDIVISION 4 / SUBDIVISION 5 | EVENT START DATE / TIME - EVENT END DATE / TIME |
|---|---|---|
| Jun 27, 2023 18:30 | | Jun 27, 2023 18:17 - 18:27 |

### OFFENSE-1

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| Threat To Kidnap Or Injure A Person \| DCC 22DC1810 | | |

| OFFENSE LOCATION | OFFENSE START DATE | OFFENSE END DATE |
|---|---|---|
| 4332 TEXAS AVENUE SE, WASHINGTON, DC 20019 | Jun 27, 2023 18:17 | Jun 27, 2023 18:27 |

### OFFENSE-2

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| Simple Assault | | Personal Weapons (Hands / Feet) |

| OFFENSE LOCATION | OFFENSE START DATE | OFFENSE END DATE |
|---|---|---|
| 4332 TEXAS AVENUE SE, WASHINGTON, DC 20019 | Jun 27, 2023 18:17 | Jun 27, 2023 18:27 |

### INVOLVED PERSONS

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| V-2 | A.D. | | *(juvenile)* | Black | Male |
| S-1 | JOSHUA ROSSER | | | Black | Male |
| V-1, R-1 | I.C. | | | Black | Female |

### PUBLIC NARRATIVE

BWC ACTIVATED

This statement of facts is based on my best recollection without having the legal authorization to review any associated body worn camera footage to assist in writing this statement.

On June 27, 2023 at approximately 1817 hours, the listed officers responded to 4332 Texas Avenue SE for the report of a simple assault. Upon arriving on scene, V-1 and V-2 reported that S-1 came into their home and started a verbal altercation about S-1's girlfriend. During the altercation, S-1 stated to V-1 and V-2 "I'll kill y'all. I'll beat y'all ass. I'm bring my draco". S-1 then spit on both V-1 and V-2 and fled the location in a heavily tinted black Acura with a dent on the driver side door bearing a rear paper tag. S-1 was not on scene once MPD got on scene.

### INTERNAL NARRATIVE

V-1 is the mother of V-2

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| Andre Williams 12032 #2149   Jun 27, 2023 19:30 (e-signature) | HALEY WERSHBALE 10097 #S-667   Jun 27, 2023 19:58 (e-signature) |
| PRINT NAME | PRINT NAME |
| Andre Williams 12032 #2149 | HALEY WERSHBALE 10097 #S-667 |

**MPD**
*NOTE: Summarized report. More data regarding this report may exist in the RMS.*
*Mark43 RMS Form v2.0 generated by J. English on Oct 3, 2025 11:50.*

Pg 1 of 1

# Government Exhibit 10

MPD

---

## CCN # 25044699 - Offense/Incident Report Cover Sheet

| REPORT DATE / TIME | DISTRICT / PSA / SUBDIVISION 4 / SUBDIVISION 5 | EVENT START DATE / TIME - EVENT END DATE / TIME |
|---|---|---|
| Mar 28, 2025 14:05 | | Mar 28, 2025 12:45 - 13:00 |

### OFFENSE-1

| OFFENSE CODE | | WEAPON / FORCE INVOLVED |
|---|---|---|
| Felony Strangulation \| 22DC404.04 | | Personal Weapons (Hands / Feet) |

| OFFENSE LOCATION | OFFENSE START DATE | OFFENSE END DATE |
|---|---|---|
| ███████████████████ | Mar 28, 2025 12:45 | Mar 28, 2025 13:00 |

### INVOLVED PERSONS

| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
|---|---|---|---|---|---|
| V-1, R-1 | R.D. | ████████ | ███████ | Black | Female |
| INVOLVEMENT | NAME | HOME ADDRESS | DOB / ESTIMATED AGE RANGE | RACE | SEX |
| S-1 | JOSHUA ROSSER | ████████ | ███████ | Black | Male |

### PUBLIC NARRATIVE

BWC Activated

On the listed date, time and location C-1 reports having a verbal altercation with S-1 over asking S-1 if he had a child on the way with someone else. S-1 then became very upset punched C-1 in the face and chocked C-1 until she was lightheaded and almost passed out. S-1 then fled the scene in an unknown direction before officers arrived.

CPO Advised

DC Safe was unable to be notified due to no answer when called several times

Sgt Hodges on scene

7D35 Jones on scene

### INTERNAL NARRATIVE

C-1 and S-1 dated for 5 months and resided together

---

| REPORTING OFFICER SIGNATURE / DATE | SUPERVISOR SIGNATURE / DATE |
|---|---|
| Brittany Johnson 10781   Mar 28, 2025 14:50 (e-signature) | SEAN HODGES 7082 #S559   Mar 28, 2025 15:19 (e-signature) |
| PRINT NAME | PRINT NAME |
| Brittany Johnson 10781 | SEAN HODGES 7082 #S559 |

**MPD**
NOTE: Summarized report. More data regarding this report may exist in the RMS.
Mark43 RMS Form v2.0 generated by J. English on Oct 3, 2025 11:40.

Pg 1 of 1